IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kathy Dean, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) CASE NO: 2:09-cv-593 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| City of New Castle and | ) |
| Fred Buzzwell, | ) |
| | ) |
| Defendants. | |

### FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

1. Identification of counsel and unrepresented parties. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

**John E. Quinn, Esquire**
**Brendan Lupetin, Esquire**
**Portnoy & Quinn, LLC**
**36th Floor, One Oxford Centre**
**Pittsburgh, PA  15219-6401**
**(412) 765-3800**
**(412) 765-3747 (fax)**
**Attorneys for Plaintiff, Kathy Dean**

**Philip J. Sbrolla, Esquire**
**psbrolla@c-wlaw.com**
**650 Washington Road**
**Suite 700**
**Pittsburgh, PA 15228**
**(412) 563-2500**
**(412) 563-5080 (fax)**
**Attorney for Defendants, City of New Castle and Fred Buzzwell**

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):

   **This suit is a civil rights action alleging that the Defendant Officer utilized excessive force when Plaintiff was taken into custody.**

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

   **June 11, 2009. The attorneys who participated in the conference with: Brendan Lupetin, Esquire for Plaintiff; Philip J. Sbrolla for Defendants.**

4. Date of Rule 16 Initial Scheduling Conference as scheduled by the Court: (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   **June 19, 2009**
   **10:00 a.m.**

5. Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

   **None.**

6. Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation. For those cases assigned to Judges Ambrose, Cercone, Hardiman and Schwab, you MUST complete the attached Stipulation Selecting ADR Process, marked as Exhibit A:

   **Early Neutral Evaluation.**

7. Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

   **None at this time.**

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   **The facts surrounding the alleged incident and Plaintiff's alleged damages.**

9. Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party=s proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made: **July 3, 2009**

   b. Date by which any additional parties shall be joined: **July 20, 2009**

   c. Date by which the pleadings shall be amended:   **July 20, 2009**

   d. Date by which fact discovery should be completed: **October 19, 2009**

   e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

   **Not applicable.**

      f.      Date by which plaintiff's expert reports should be filed:
**November 18, 2009**

      g.      Date by which depositions of plaintiff's expert(s) should be completed:
**December 18, 2009**

      h.      Date by which defendant's expert reports should be filed:
**January 15, 2010**

      i.      Date by which depositions of defendant's expert(s) should be completed:
**February 15, 2010**

      j.      Date by which third party expert's reports should be filed:
**Not applicable.**

      k.      Date by which depositions of third party's expert(s) should be completed:
**Not applicable.**

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**Not applicable.**

11. Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:

**None at this time.**

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

       a.    Settlement and/or transfer to an ADR procedure;

       b.    Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference

       c.    Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

       d.    Dates by which parties' pre-trial statements should be filed;

       e.    Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

       f.    Dates on which motions *in limine* and *Daubert* motions shall be heard;

       g.    Dates proposed for final pre-trial conference;

       h.    Presumptive and final trial dates.

**The parties request the post-discovery status conference following the close of discovery.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**None at this time.**

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**Not applicable.**

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

**Not applicable.**

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

**There have been no settlement discussions.**

Respectfully Submitted:


/s/Brendan Lupetin
John E. Quinn, Esquire
Brendan Lupetin, Esquire
Portnoy & Quinn, LLC
36th Floor, One Oxford Centre
Pittsburgh, PA  15219-6401
(Attorneys for Plaintiff)


/s/Philip J. Sbrolla
Philip J. Sbrolla, Esquire
650 Washington Road, Suite 700
Pittsburgh, PA 15228
(Attorney for Defendants)